*John E. Cole* v. *Norman Savage, et al., ex'rs, &c.* M. F. DELANO and J. R. ELWOOD, for appellants. S. MATTHEWS and E. M. HAIGHT, for respondents. Decided that under the provisions of the revised statutes, as well as under the act of May, 1837, to prevent usury a complainant seeking to be relieved against usurious contract is not bound to offer, in his bill, to pay the amount justly due, where he asks for no discovery of the usury, but merely seeks relief upon such testimony as he may himself produce to establish the usury. *(margin: Bill to be relieved against usury. Offer to pay amount due, when unnecessary.)*

That the word "borrower," as used in the 8th section of the title of the revised statutes relative to the interest of money, *(R. S. 773,)* and in the 4th section of the act to prevent usury, *(Laws of 1837, p. 487,)* is not to be restricted to the individual to whom the original loan was made. But that the latter clause of that section dispensing with the payment or deposit of the sum loaned as a condition of granting relief to the *borrower*, extends also to a complainant claiming under and in privity with the original borrower. *(margin: Construction of statutes as to usury. Purchaser from original borrower may be relieved.)*

That a remedial statute is to be construed liberally, so as to carry into effect the intention of the legislature; and may be extended by construction to other cases within the same mischief, though not within the words of the statute.

That the heir, or devisee, or grantee of premises which are subject to the apparent lien only of a usurious and void mortgage, being in privity with the mortgagor, may set up any defence to the same, which the mortgagor himself could

have set up. And that a purchaser from the mortgagor being entitled to all the rights which this grantor previously had, may file a bill in this court to remove a cloud upon the title created by a usurious and void mortgage given by such grantor.

Decree of the vice chancellor of the eighth circuit, allowing demurrer to bill, reversed, with costs to abide the event; and demurrer overruled with costs. Defendants to pay costs and put in their answer within forty days